IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-361-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HARRIS J. BOUDREAUX, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on defendant's motions to withdraw his plea of guilty and to dismiss the indictment. (DE 23). The motions have been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motions are denied.

## BACKGROUND

On April 15, 2003, defendant pleaded guilty to two counts of carnal knowledge of a juvenile in the 33rd Judicial District, Allen Parish, Louisiana. At the time of offense, defendant was 22 years old and the victim was 15 years, seven months old. Defendant was sentenced to four years imprisonment, three years suspended, and three years supervised probation.

On November 21, 2017, a federal grand jury returned a one-count indictment alleging that defendant knowingly failed to register under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et seq., in violation of 18 U.S.C. § 2250(a). Defendant pleaded guilty without benefit of written plea agreement February 15, 2018. The instant motion followed June 12, 2018.

# DISCUSSION

A.  Standard of Review

Federal Rule of Criminal Procedure 11 authorizes withdrawal of a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A district court has discretion to allow a motion to withdraw if defendant carries the "burden of demonstrating to the district court's' satisfaction that a 'fair and just reason' supports his request to withdraw." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Factors to consider in making this determination include

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). The most important consideration is "an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Id. If the proceeding was adequate, there is "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

B.  Analysis

1.  Motion to Withdraw Guilty Plea

Congress enacted SORNA July 27, 2006. Pub. L. No. 109-248, 120 Stat. 587. SORNA provides that every "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a).

At the time of enactment, Congress did not determine SORNA's retroactive applicability to individuals who previously were convicted of a sex offense. SORNA delegated to the Attorney General "authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act or its implementation in a particular jurisdiction . . . ." 34 U.S.C. § 20913(d). SORNA did not apply to pre-Act offenders until the Attorney General validly specified such application. See Reynolds v. United States, 565 U.S. 432, 445 (2012).

On February 28, 2007, the Attorney General promulgated a rule, effective that date, specifying that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. 72.3; 72 Fed. Reg. 8894.

18 U.S.C. § 2250(a) provides that a person who "is required to register under [SORNA]," who "travels in interstate or foreign commerce," and who "knowingly fails to register or update registration as required by [SORNA] shall be fined under this title or imprisoned not more than 10 years, or both." Based upon his 2003 conviction, defendant is deemed a sex offender subject to registration under SORNA.

Defendant does not challenge any procedures at Rule 11 colloquy conducted February 5, 2017. Accordingly, a there is "a strong presumption that [defendant's] plea is final and binding." Lambey, 974 F.2d at 1394. Rather, defendant's motion rests upon assertion of legal innocence where the Supreme Court recently granted a writ of certiorari in Gundy v. United States, No. 17-6086, to review "whether SORNA's delegation of authority to the Attorney General is issue regulations under 42 U.S.C. § 16913(d) violates the nondelegation doctrine." Gudy v. United states,

3

Pet. Cert. at i (filed Sept. 20, 2017). The case is set for hearing during the Court's 2018 October term.

An intervening change of law may constitute a fair and just reason for withdrawal of a guilty plea. See United States v. Brown, 117 F.3d 41, 477 (11th Cir. 1997); see also United States v. Fisher, 711 F.3d 460, 462 (4th Cir. 2013) (quoting Brown). Courts have denied requests to withdraw a plea, even following a change in law, where a plea agreement accorded benefits to defendant unaffected by the change in law, see United States v. Knight, 96 F.3d 307, 309 (8th Cir. 1996), and where defendant delayed filing a motion to withdraw because "the case law was against him[,]" United States v. Garavaglia, 5 F.Supp.2d 511, 516 (E.D. Mich. 1998) (aff'd. United States v. Garavaglie, 178 F.3d 1297 (Table) (6th Cir. 1999).

In the instant matter, defendant's arguments grounded in Grundy are unpersuasive because grant of certiorari does not constitute any repudiation of prior law. This court will not speculate about what the Supreme Court might decide if Grundy proceeds as scheduled. In this manner, defendant's arguments based upon Grundy are premature, and it cannot be said that defendant entered his plea without notice of any new grounds on which he might rest a claim of innocence in plea negotiations. Thus, defendant's motion to withdraw his plea is denied.

2. Motion to Dismiss

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). Under this court's Local Criminal Rules, any such motion "shall be filed no later than 30 days after indictment or initial appearance, whichever comes later." Local Crim. R. 12.1. The grand jury returned the indictment November 21, 2017. (DE 1). Defense counsel noticed appearance on defendant's behalf

December 8, 2017. (DE 13). Therefore, any Rule 12 motion was due no later than January 8, 2017. Defendant filed the instant Rule 12 motion June 12, 2018, 17 months out of time. Accordingly, the motion summarily is denied.

**CONCLUSION**

For reasons noted, defendant's motions to withdraw his plea and to dismiss the indictment, (DE 23), are DENIED. Sentencing shall be noticed for the next available term.

SO ORDERED, this the 9th day of August, 2018.

                                      LOUISE W. FLANAGAN
                                      United States District Judge